**17 CV 06112**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**IN RE:**

     **EARL ANTHONY WALLACE,**
          **DEBTOR**

**APPEAL OF DAVID P. LEIBOWITZ,**
     **CHAPTER 7 TRUSTEE.**

---

**APPEAL FROM**
**THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

Appeal from Order Dated August 17, 2017 (Dkt. 31) disallowing, in part, requested trustee compensation.

---

**BRIEF OF APPELLANT**
**DAVID P. LEIBOWITZ, CHAPTER 7 TRUSTEE**

---

Lakelaw
Linda Green
Justin Storer
53 W. Jackson Blvd.
Suite 1115
Chicago, IL 60604
312 360 1501
lgreen@lakelaw.com
jstorer@lakelaw.com

**17 CV 06112**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**IN RE:**

**EARL ANTHONY WALLACE,
DEBTOR**

**APPEAL OF DAVID P. LEIBOWITZ,
CHAPTER 7 TRUSTEE.**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. ii

TABLE OF AUTHORITIES ........................................................... iii

Jurisdictional Statement ................................................................ 1

Statement of the Issues Presented and Standard of Review ................................. 2

Statement of the Case................................................................... 3

Summary of Argument ................................................................. 4

Argument ............................................................................... 6

Conclusion ............................................................................ 17

**17 CV 06112**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**IN RE:**

**EARL ANTHONY WALLACE,
DEBTOR**

**APPEAL OF DAVID P. LEIBOWITZ,
CHAPTER 7 TRUSTEE.**

# TABLE OF AUTHORITIES

**Table of Authorities**

**Cases**

*Arnold v. Gill (In re Arnold)*, 252 B.R. 778 (9th Cir. BAP 2000)………………………………….12

*In re Crager*, 691 F.3d 671 (5th Cir. 2012) ...................................................................16

*Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230 (11th Cir. 2004) ..................................17

*In re Kenneth Leventhal & Co.*, 19 F.3d 1174 (7th Cir. 1994) ......................................16

*In re Kmart Corp.*, 381 F.3d 709 (7th Cir. 2004) ..........................................................16

*Mohns, Inc. v. Lanser*, 522 B.R. 594 (E.D. Wis. 2015), *aff'd sub nom. In re Wilson (Appeal of Mohns, Inc)*, 796 F.3d 818 (7th Cir. 2015).....................................................................15

*In re Pilgrim's Pride Corp.*, 690 F.3d 650 (5th Cir. 2012) .............................................. 7

*In re Rowe*, 750 F.3d 392 (4th Cir. 2014) ............................................... 5, 9, 10, 11, 12

*In re Salgado-Nava*, 473 B.R. 911 (9th Cir. BAP 2012) ....................11, 12, 15, 16, 17

*Weisgram v. Marley Co.,* 528 U.S. 440, 456 (2000)……………………………………...17

*Wharf v. Burlington N.R.R.*, 60 F.3d 631 (9th Cir. 1995) ........................................... 16

*In re Wilson (Appeal of Mohns, Inc.)*, 796 F.3d 818 (7th Cir. 2015) .................. 5, 8, 9, 11, 12, 13

**Statutes**

11 U.S.C. § 326 … ........................................... 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 17

11 U.S.C. § 330 ...................................................2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 16

11 U.S.C. § 547……………………………………………………………………………………….3

11 U.S.C. § 704 …………………………………………………………………………………...13

28 U.S.C. § 157…………………………………………………………………………………….1

28 U.S.C. § 158…………………………………………………………………………………….2

28 U.S.C. § 1334 ..................................................................................................... 1

**Other**

Flynn, *Bankruptcy by the Numbers: Chapter 7 Asset Cases and Trustee Compensation,* 33 *Am. Bankr. Inst. J.* 48 (June 2014) ..................................................................................... 15

Jimenez, *The Distribution of Assets in Consumer Chapter 7 Bankruptcy Cases,* 83 Am. Bankr. L.J. 795 (2009) ...................................................................... 14, 15

U.S. Dep't of Justice, Executive Office for United States Trustees, *Handbook for Chapter 7 Trustees* (July 1, 2002), available at https://www.justice.gov/sites/default/files/ust/legacy/2011/07/13/Ch7hb0702.pdf........................7

U.S. Trustee, *Handbook for Chapter 7 Trustees* (Apr. 2012), available at
http://www.justice.gov/ust/eo/ust_org/ustp_manual/docs/Volume_2_Chapter_7_Case_Administra
tion.pdf..................................................................................................................................10

*Hearing on Chapter 7 Bankruptcy Trustees' Responsibilities and Remuneration Before the
Subcomm. on Courts, Commercial & Admin. Law of the H. Comm. on the Judiciary*, 112th Cong.
1st Sess. 66-74 (2011), *available at* https://www.gpo.gov/fdsys/pkg/CHRG-
112hhrg67576/html/CHRG-112hhrg67576.htm.............................................................................8

The United States Trustee Program's "FREQUENTLY ASKED QUESTIONS (FAQs) FOR
TRUSTEES," *available at* https://www.justice.gov/ust/frequently-asked-questions-faqs-
trustees#trust_issue2 ………………………………………………………………………11

17 CV 06112


**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:

      **EARL ANTHONY WALLACE,**
            **DEBTOR**


      **APPEAL OF DAVID P. LEIBOWITZ,**
            **CHAPTER 7 TRUSTEE.**

---

**BRIEF OF APPELLANT**

---

## *Jurisdictional Statement*

Debtor, Earl Anthony Wallace, filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 31, 2016. The District Court had jurisdiction with respect to the Chapter 7 case pursuant to 28 U.S.C. § 1334. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court refers all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a). The administration of Debtor's Chapter 7 case and all matters implicated in this appeal constitute "core proceedings" within the meaning of 28 U.S.C. §157(b)(2)(A), (B), and (O).

This appeal constitutes an appeal from a final order of the Bankruptcy Court entered on August 17, 2017 (dkt. 31) disallowing, in part, the Trustee's request for compensation.

1

The Trustee filed a timely Notice of Appeal to the District Court on August 21, 2017 (dkt. 32). The record was duly designated along with the Statement of Issues on Appeal on August 23, 2017 (dkt. 37). The District Court has jurisdiction to hear the appeal from the Bankruptcy Court's final judgment pursuant to 28 U.S.C. § 158(a)(1).

## *Statement of the Issues Presented and Standard of Review*

1. Did the Bankruptcy Court abuse its discretion in reducing the fee requested by the Trustee through application of an incorrect legal standard and reliance on a clearly erroneous finding of fact? The review of an award of compensation is subject to an abuse of discretion standard.

    A. Did the Bankruptcy Court commit legal error by failing to treat the fee requested by the Trustee as a commission in accordance with 11 U.S.C. §330(a)(7) and applicable Seventh Circuit authority requiring that such compensation be treated as a commission in absence of any serious error in administration by the Trustee? The standard of review for this legal issue is *de novo*.

    B. Did the Bankruptcy Court clearly err in finding that the Trustee had administered the case "for the benefit of the trustee and his fee, and not anybody else"? The standard of review for this factual finding is the clearly erroneous standard.

### Statement of the Case

Debtor, Earl Wallace, filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 31, 2016 (dkt. 1). Debtor's bankruptcy petition scheduled $10,149 in unsecured claims (dkt. 1, Summary of Assets and Liabilities, page 8).

David P. Leibowitz was appointed interim trustee at the commencement of this case. (See dkt. 7) No trustee was elected at the Debtor's § 341 meeting of creditors, and David P. Leibowitz continues to serve as Trustee.

Through an examination of Debtor's bank records, the Trustee learned that Debtor had made a payment to a creditor, Springleaf Financial, within ninety days of the commencement of his bankruptcy case in the amount of $1,167.02. Inasmuch as that payment constituted an avoidable preference pursuant to section 547 of the Bankruptcy Code, the Trustee demanded that Springleaf refund the payment to the Trustee. Springleaf refunded the $1,167.02 without the need for litigation.

The Trustee issued an Initial Report of Assets on March 22, 2017 (dkt. 24). As a result, the Court issued a notice to creditors fixing a deadline for filing proofs of claim (dkt. 25). Ultimately, two creditors holding general unsecured claims aggregating $3,193.28 filed proofs of claim prior to the claims deadline, i.e., Claim No. 1 in the amount of $2,412.21 and Claim No. 2 in the amount of $781.07 (Claims Register, Claim Nos. 1 and 2).

The Trustee duly submitted his final report to the United States Trustee for approval. On July 20, 2017, the United States Trustee filed the approved final report with the Bankruptcy Court (dkt. 27). In this report, the Trustee proposed to pay to the general unsecured creditors the sum of $854.33, constituting 73% of the funds collected by the

3

Trustee and resulting in a proposed dividend of 26.8%. The Trustee also requested allowance of a trustee's fee in the amount of $291.76, that being the statutory commission of 25% of the first $5,000 administered by the Trustee. 11 U.S.C. § 326(a). The Trustee did not utilize the services of any professional and did not seek any other fees or compensation for service in this case.[1]

The Bankruptcy Court denied the Trustee's request for compensation, in part, reducing the allowed compensation to $200.00 (dkt. 31). The Trustee timely filed his notice of appeal from that order (dkt. 32).

## *Summary of Argument*

Section 326(a) of the Bankruptcy Code provides that a trustee may be compensated at the rate of 25% on the first $5,000 or less of moneys disbursed or turned over by the Trustee to parties in interest in the case, other than the debtor. 11 U.S.C. § 326(a). Section 330(a)(7) of the Bankruptcy Code, which was added by amendment in 2005,[2] states:

> In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

The Seventh Circuit Court of Appeals, in line with decisions of the Fourth Circuit Court of Appeals and the Ninth Circuit Bankruptcy Appellate Panel, holds that section 330(a)(7) requires the bankruptcy court to treat the compensation payable to the Chapter 7 trustee as a commission based on the rates in section 326, unless that treatment "overcompensate[s] the trustee, because he had sold assets of the bankrupt estate below

---

[1]   The Trustee separately received compensation in the amount of $60 for service in this case as the minimum fee for any Chapter 7 case – whether an "asset" or "no-asset" case – other than those filed *in forma pauperis*. See 11 U.S.C. § 330(b)(1), (2). This separate minimum fee is not relevant to or implicated in the present appeal. In addition, the Bankruptcy Court allowed the Trustee's request for reimbursement of costs; accordingly, that matter is also not implicated in the present appeal.

[2]   The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, discussed *infra*.

fair market value or committed other serious errors." *In re Wilson (Appeal of Mohns, Inc.)*, 796 F.3d 818, 820 (7th Cir. 2015) (citing *In re Rowe*, 750 F.3d 392, 397-98 (4th Cir. 2014)).

Here, the Trustee requested the 25% commission called for by sections 326(a) and 330(a)(7), in the amount of $291.76. However, the Bankruptcy Court denied the Trustee's request for the full statutory commission and reduced the award to $200, stating: "It is not a commission." (Transcript, at 4) Moreover, the Court did not find any errors in the Trustee's administration of the case – much less "serious errors." *Wilson*, 796 F.3d at 820. Instead, the Court found that the Trustee had administered the case "for the benefit of the trustee and his fee, and not anybody else." (Transcript, at 5)

By failing to treat the compensation as a commission, the Bankruptcy Court committed legal error. Moreover, the Court's finding that the case had been administered "for the benefit of the trustee and his fee, and not anybody else" was plainly contrary to the facts of record; the Trustee was to receive a commission of only $291.76, with over 73% of the estate going to creditors, resulting in a 26.8% dividend on their claims. The Court's finding was thus clearly erroneous.

The Court's decision to reduce the fee requested by the Trustee constituted an abuse of discretion, as it was predicated upon application of the wrong legal standard and clearly erroneous fact finding, requiring reversal. The issues presented on this appeal from that decision have broad significance for the administration of Chapter 7 estates, transcending the $91.76 fee reduction in this case, as the principles in question must be applied uniformly to all trustees in all cases.

*Argument*

I. <u>The Statutory Framework.</u>

Sections 326 and 330 of the Bankruptcy Code govern compensation for Chapter 7 trustees. 11 U.S.C. §§ 326, 330. Section 326 states that "[i]n a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services," based "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). Compensation is "not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent" of funds exceeding $1,000,000. *Id.*

Section 330(a)(1) provides that " . . . the court may award to a trustee . . . (A) reasonable compensation for actual, necessary services rendered by the trustee . . . and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330(a)(2) states that a "court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested." 11 U.S.C. § 330(a)(2).

Prior to 2005, a Chapter 7 trustee's compensation was also governed by section 330(a)(3). Section 330(a)(3) sets forth a number of factors that courts must consider "[i]n determining the amount of reasonable compensation to be awarded" to certain estate professionals. 11 U.S.C. § 330(a)(3). These include, *inter alia*, the time spent on the

services, the rates charged, whether the services were necessary or beneficial to case administration, and whether the services were performed within a reasonable amount of time. *Id.* This method of determining fees is often referred to as the "lodestar" method. *See, e.g., In re Pilgrim's Pride Corp.,* 690 F.3d 650, 655-56 (5th Cir. 2012). As noted by the United States Trustee in the pre-BAPCPA version of its Handbook for Chapter 7 Trustees, a bankruptcy court could award a trustee "less than the statutory maximum based upon the considerations in § 330, but [could] not exceed the compensation ceiling in § 326(a)." U.S. Dep't of Justice, Executive Office for United States Trustees, *Handbook for Chapter 7 Trustees,* at 8-29 (July 1, 2002), available at https://www.justice.gov/sites/default/files/ust/legacy/2011/07/13/Ch7hb0702.pdf.

Congress fundamentally transformed Chapter 7 trustee compensation in Section 407 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, § 407, 119 Stat. 23. First, Congress amended Section 330 to remove Chapter 7 trustee fee requests from the lodestar analysis of Section 330(a)(3). Section 330(a)(3) now reads: "In determining the amount of reasonable compensation to be awarded to an examiner, *trustee under chapter 11*, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors," including time spent, rates charged, and the other lodestar factors. 11 U.S.C. § 330(a)(3) (emphasis added). Only a "trustee under chapter 11" was now included in section 330(a)(3) – not a trustee under chapter 7. Second, Congress added new subsection (a)(7) to Section 330, which provides: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7).

7

Although BAPCPA also added a number of new responsibilities for trustees, Congress did not alter the compensation that trustees receive in the vast majority of bankruptcies, i.e., "no-asset" cases. *See Hearing on Chapter 7 Bankruptcy Trustees' Responsibilities and Remuneration Before the Subcomm. on Courts, Commercial & Admin. Law of the H. Comm. on the Judiciary*, 112th Cong. 1st Sess. 66-74 (2011) (testimony of H. Jason Gold, Partner, Wiley Rein LLP, on behalf of the American Bankruptcy Institute), *available at* https://www.gpo.gov/fdsys/pkg/CHRG-112hhrg67576/html/CHRG-112hhrg67576.htm. In cases where no assets are available for distribution, trustees are awarded only a $60 "no asset" fee. See 11 U.S.C. § 330(b).

II. <u>Trustee compensation is to be treated as a commission based on the rates set forth in section 326 of the Bankruptcy Code.</u>

The Seventh Circuit Court of Appeals in *In re Wilson (Appeal of Mohns, Inc.)*, 796 F.3d 818 (7th Cir. 2015), affirmed the decisions of the courts below granting the trustee the full fee award requested pursuant to the commission percentages set forth in section 326 of the Bankruptcy Code. Judge Posner first quoted from the text of section 326(a) that in a case under Chapter 7, the court may allow "'reasonable compensation ... of the trustee … not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.'" *Id.* at 820 (quoting 11 U.S.C. § 326(a)). Judge Posner noted that a different section of the Bankruptcy Code, section 330(a)(1), authorizes the bankruptcy court "to

award a trustee 'reasonable compensation for actual, necessary services rendered by the trustee.'" *Id.* (quoting 11 U.S.C. § 330(a)(1)). Finally, he stated that section 330(a)(7) – a provision added by the 2005 amendments to the Bankruptcy Code – "provides that 'in determining the amount of reasonable compensation to be awarded to a trustee, the court *shall treat* such compensation as a commission, based on section 326,' the key subsection of which" sets forth the percentages for compensation quoted above. *Id.* (quoting 11 U.S.C. § 330(a)(7)) (emphasis added).

Judge Posner recognized that the percentage, commission-based treatment mandated by sections 326(a) and 330(a)(7) may be modified in the unusual case where the trustee commits serious errors. He stated: "But should such treatment overcompensate the trustee, because he had sold assets of the bankrupt estate below fair market value or committed other serious errors, the award to the trustee can be reduced." *Wilson*, 796 F.3d at 820 (citing *In re Rowe*, 750 F.3d 392, 397-98 (4th Cir. 2014).

The Fourth Circuit, in its statutory analysis in *Rowe*, noted the significant changes that had been made to the Code's trustee compensation provisions as part of BAPCPA. *Rowe*, 750 F.3d at 395-96. The Court reviewed the statutory framework pre-BAPCPA, pursuant to which trustee compensation was governed by section 330(a)(1), which authorizes the bankruptcy court to award a trustee "reasonable compensation for actual, necessary services;" section 330(a)(2), which authorizes the court to award compensation that is less than the amount requested; section 326, which sets forth the percentages for trustee awards set forth above; and section 330(a)(3), which at that time provided that in determining the reasonable compensation to be awarded to a trustee, an examiner, or a

professional person, the court was to consider the nature, extent, and value of the services, taking into account the time spent, rates charged, and other relevant factors.

The Fourth Circuit then explained that with the enactment of BAPCPA, section 330(a)(3) was amended to make its factor-based analysis inapplicable to Chapter 7 trustees, and new section 330(a)(7) was added, mandating that the compensation "shall" be treated as a commission. *Rowe*, 750 F.3d at 395-96. The Fourth Circuit stated in *Rowe*:

> … [W]e can rightly assume that Congress said what it meant and meant what it said when it chose to include the term "shall" in § 330(a)(7), thus making its application in the determination of Chapter 7 trustee fee awards mandatory. Examining the other operative words in § 330(a)(7), we note that a "commission" is "[a] fee paid to an agent or employee for a particular transaction, usu[ally] as a percentage of the money received from the transaction." *Black's Law Dictionary* 306 (9th ed.2009). And, "based upon" means "derived from." *Grayson v. Advanced Mgmt. Tech., Inc.*, 221 F.3d 580, 582 (4th Cir. 2000). These definitions of the operative terms in the independent clause of § 330(a)(7) lead us to the unmistakable conclusion that, absent extraordinary circumstances, a Chapter 7 trustee's fee award must be calculated on a commission basis, as those percentages are set forth in § 326(a).

*Rowe*, 750 F.3d at 397.

The *Rowe* panel quoted from the United States Trustee's *Handbook for Chapter 7 Trustees* that "[e]xtraordinary factors are expected to arise only in rare and unusual circumstances." *Rowe*, 750 F.3d at 397 (quoting from 2 U.S. Trustee, Handbook for Chapter 7 Trustees Ch. 2-1, at 39 [currently at 41] (Apr. 2012), available at http://www.justice.gov/ust/eo/ust_org/ustp_manual/docs/Volume_2_Chapter_7_Case_Ad ministration.pdf.) The Court further observed that although the term "extraordinary circumstances" is absent from the Code, its use in the fee analysis constitutes an attempt to reconcile sections 330(a)(7) and 326(a) with sections 330(a)(1) and (a)(2). *Rowe*, 750 F.3d at 397-98.

10

In *Rowe*, the Bankruptcy Court – finding that the trustee had not administered the estate expeditiously and had failed to adequately supervise the case – based the trustee's compensation on an hourly rate, as opposed to the commission-based rate dictated by section 330(a)(7). *Id.* at 398.  The *Rowe* panel found that "[i]n light of the plain meaning of § 330(a)(7), … this was a legal error." *Id.* at 398.  According to the panel, the Bankruptcy Court should have first identified the proper commission rate under section 326(a) and then determined whether extraordinary circumstances existed warranting a reduction of the fee. The panel noted that when extraordinary circumstances exist, a factor-based, lodestar-type analysis may have some relevance in an examination of the fee award, but bankruptcy courts must nonetheless keep in mind that a lodestar analysis "'ordinarily is beyond the scope of a reasonableness inquiry involving commissions.'"  *Rowe*, 750 F.3d at 398-99 (quoting from *In re Salgado-Nava*, 473 B.R. 911, 921 (9th Cir. BAP 2012)).[3]  Because the court below committed legal error, the Fourth Circuit reversed and remanded for a determination of the proper commission-based fee.  *Rowe*, 750 F.3d at 399.

Similar observations were made by the Seventh Circuit in *Wilson*.  In *Wilson*, the objector contended, *inter alia*, that the proceeds from sale of the debtor's home should be excluded from the percentage calculation of the trustee's fee under section 326 because the trustee had initially objected to the sale and ultimately spent only a little time on it.  The Seventh Circuit disagreed, reiterating that the compensation called for by statute is a commission, as set forth in section 326, and commission compensation is not based on time

---

[3]    As noted in *Salgado-Nava*, the United States Trustee has indicated that for cases filed after the effective date of the BAPCPA amendments, i.e., the amendments clarifying that the compensation is to be treated as a commission, the United States Trustee will not require a trustee to provide time records to support the requested compensation.  *Salgado-Nava*, 473 B.R. at 921, n. 14 and accompanying text (citing to "FREQUENTLY ASKED QUESTIONS (FAQs) FOR TRUSTEES," *available at* https://www.justice.gov/ust/frequently-asked-questions-faqs-trustees#trust_issue2).

spent. *Wilson*, 796 F.3d at 821.[4]  Again, the Seventh Circuit held that if in a particular case the commission compensation set forth in section 326(a) had the effect of overcompensating the trustee – because he had sold assets below fair market value or "committed other serious errors" – the award could be reduced.  *Id.* at 820 (citing *Rowe*, 750 F.3d at 397-98).

The Bankruptcy Appellate Panel for the Ninth Circuit in *Salgado-Nava* reached a similar conclusion.  There, the Court held that BAPCPA's addition of the mandatory "commission" language of section 330(a)(7) "change[d] [its] prior view that section 326 simply 'capped' trustee compensation by setting forth maximum compensation rates." *Salgado-Nava*, 473 B.R. at 916 (referring to its prior decision in *Arnold v. Gill (In re Arnold)*, 252 B.R. 778 (9th Cir. BAP 2000)).  The Court stated that absent extraordinary circumstances, the commission called for by section 326 should be awarded, observing that Congress, in the BAPCPA amendments, would not have set commission rates in sections 326 and 330(a)(7) *and* taken them out of the factor-based analysis of section 330(a)(3) unless it viewed them as reasonable in most instances.  *Salgado-Nava*, 473 B.R. at 921.

Accordingly, the law is clear that the compensation provided by statute for Chapter 7 trustees is a commission, based on the rates set forth in section 326(a) of the Bankruptcy Code, and must be treated as such.

---

[4]    While noting that ample time had been spent by the trustee, the Court nonetheless emphasized:  "The trustee has no automatic entitlement to a fee based on the amount of time that he spends, for his fee is to be based on the 'services' he renders in the bankruptcy proceeding and a 'commission' is a payment for a specific service rather than being based, as in the case of a salary, on number of hours worked." *Wilson*, 796 F.3d at 821.

III. <u>The Bankruptcy Court abused its discretion in reducing the fee requested by the Trustee, because it relied upon a clearly erroneous finding of fact and committed legal error in failing to treat the Trustee's fee award as a commission reducible only for serious errors.</u>

At the hearing before the Bankruptcy Court, the Trustee asserted that his fee award should be treated as a commission, based on the formula set forth in section 326. The Bankruptcy Court disagreed, expressly stating, "It is not a commission." (Transcript, at 4.) Instead, the Court appeared to treat the amounts set forth in section 326 as a mere cap on compensation, quoting from section 326: "The court may allow reasonable compensation payable not to exceed." (Transcript, at 5)

By failing to treat the trustee's fee award as a commission, the Court committed legal error. Not only did the Court fail to treat the requested compensation as a commission, as required by *Wilson* and the other decisions cited above, it failed to identify any errors in the Trustee's administration – much less, "serious errors." *Wilson*, 796 F.3d at 820. Indeed, it would be difficult to identify any, inasmuch as the Trustee faithfully and properly performed his duties under Section 704 of the Bankruptcy Code: He identified a preference cause of action, promptly asserted it, reduced it to cash, and moved to close the estate expeditiously, less than twelve months after the initial meeting of creditors.

The only "reason" given by the Court for the fee reduction was that she believed the case was being administered "for the benefit of the trustee and his fee, and not anybody else." (Transcript, at 5) The Court therefore reduced the fee by an arbitrary amount "to get [the Trustee's] attention" to the fact that the case, in the Court's view, was "absurdly small" and that the "primary person who benefits is you [i.e., the Trustee], and not creditors." (Transcript, at 2, 5)

Putting aside for the moment the fact that the Court applied the wrong legal standard in this matter, the plain and unambiguous arithmetic makes clear that the case was not administered primarily for the Trustee's benefit. Of the $1,167.02 recovered by the Trustee in this case, over 73% was to be distributed to creditors, resulting in dividends of approximately 27% to the two creditors who filed claims in this case.[5] The Trustee's requested fee was only the $291.76 called for by statute, together with $18.87 for expenses. The modest $291.76 fee could hardly be regarded as an amount sufficient to have incentivized the Trustee to administer this estate "primarily" for his benefit. On the other hand, a 27% distribution to creditors is both meaningful and well in excess of the average dividend paid to creditors in Chapter 7 cases. While the Court may have regarded the amount involved in this case as a pittance, it is not likely that the Court's view would be shared by the holder of Claim No. 1, who was to receive $645.36 on its $2,412.21 claim, and the holder of Claim No. 2, who was to receive $208.97 on its $781.07 claim.[6]

It is worth noting that the overwhelming number of Chapter 7 cases in the United States are "small asset cases." In a national empirical study of Chapter 7 cases published in 2009 (the "Jimenez Study"),[7] it was found that only 7% of Chapter 7 cases are asset cases and that the median asset case results in assets administered in the amount of $3,411. Jimenez, 83 Am. Bankr. L.J. at 800. In the Jimenez Study, it was found that the median

---

[5]    The exact dividend was 26.754%.

[6]    Even more curious, the Court appears not to be applying its view of small cases uniformly. The Court stated on the record that the Trustee is "really the only trustee who does these tiny estates, as far as I see." (Transcript at 8.) However, on the very same court call on the very same day, the Court granted, without even a hearing, another trustee's request for the full section 326 commission in a case where the trustee administered only $2,400 in assets. See Trustee's Final Report in In re Wichada Yanatavee, Case No. 16-28650, docket no. 23 (Bankr. N.D.Ill. July 10, 2017), and Order Awarding Trustee's Compensation and Expenses, docket no. 27 (August 17, 2017).

[7]    Jimenez, *The Distribution of Assets in Consumer Chapter 7 Bankruptcy Cases*, 83 Am. Bankr. L.J. 795 (2009).

14

distribution to general unsecured creditors was 8% – well below the 27% dividend proposed for the creditors here. *Id.* at 806.

Jimenez' research is corroborated by Ed Flynn, formerly of the Executive Office of the United States Trustee, in his article *Bankruptcy by the Numbers: Chapter 7 Asset Cases and Trustee Compensation*.[8] Flynn states: "Most asset cases are quite small; well over half involve under $5,000 in funds administered…" Flynn, 33 Am. Bankr. Inst. J. at 49. For the period from July 2006 through June 2011, cases under $5,000 represented 61.7% of the cases closed nationally. *Id.* The typical trustee fee represented 24.7% of all assets distributed, with attorneys' fees representing an additional 4.5% and other fees and expenses an additional 5.0%. *Id.*

Indeed, the *Salgado-Nava* panel observed that 90% of all Chapter 7 cases are classified as no-asset cases, *Salgado-Nava*, 473 B.R. at 913, n. 2, and that in no-asset cases, trustees receive only a $60 fee, regardless of how much work is involved – an amount that has not changed since 1994. *Salgado-Nava*, 473 B.R. at 913, n. 3. In the *Wilson* case, the District Court noted: "It is generally understood that reasonable compensation in asset cases is intended to serve, in part, as compensation for the trustee's work in no-asset cases." *Mohns, Inc. v. Lanser*, 522 B.R. 594, 596 (E.D. Wis. 2015), *aff'd sub nom. In re Wilson (Appeal of Mohns, Inc)*, 796 F.3d 818 (7th Cir. 2015).

The Bankruptcy Court may have been unaware of these statistics and the fact that very small asset cases represent the bulk of all asset cases administered in Chapter 7. Again, however, whatever the reason for the Court's views, it committed legal error by failing to treat the Trustee's fee request as a commission. The Bankruptcy Court stated

---

[8]  Flynn, *Bankruptcy by the Numbers: Chapter 7 Asset Cases and Trustee Compensation, 33 Am. Bankr. Inst. J.* 48 (June 2014).

that it had discretion not to award the statutory fee set forth in section 326(a). However, the discretion lodged in the bankruptcy court is now circumscribed – post-BAPCPA – by the mandate of section 330(a)(7) that the fee must be treated as a commission, to be reduced only for serious errors in the administration of the estate. The Court here found no serious errors, and its finding that the case was administered primarily for the Trustee's benefit was demonstrably false and clearly erroneous.[9]   Accordingly, the Court's decision constituted an abuse of discretion. *See In re Kmart Corp. (Appeal of Wilhemina Simmons)*, 381 F.3d 709, 713 (7th Cir. 2004) ("a court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding, or when the record contains no evidence on which the court rationally could have relied"); *see also In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012) (a bankruptcy court's award of attorney's fees is reviewed for abuse of discretion, and a "court abuses its discretion when it applies an improper legal standard or employs improper procedures in calculating a fee award, or rests its decision on findings of fact that are clearly erroneous").

In the circumstances of this case, a remand for further proceedings before the Bankruptcy Court is unnecessary; this Court should instead remand with instructions to the Bankruptcy Court to vacate its order reducing the Trustee's requested fee and enter an order awarding the full statutory commission. As noted in *Salgado-Nava*, an appellate court need not remand for further proceedings, but may indeed "decide a case on the facts previously found when the record is sufficiently developed and there is no doubt as to the appropriate outcome." *Salgado-Nava*, 473 B.R. at 922 (citing *Wharf v. Burlington N. R.R. Co.*, 60 F.3d

---

[9]   While a bankruptcy court's reduction of fees is reviewed under an abuse of discretion standard, any fact findings made by the court in reaching its decision are reviewed under a clearly erroneous standard. *See In re Kenneth Leventhal & Co.,* 19 F.3d 1174, 1177 (7th Cir. 1994).

631, 637 (9th Cir. 1995); *Weisgram v. Marley Co.,* 528 U.S. 440, 456, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000); and *Cuddeback v. Florida Bd. of Educ.*, 381 F.3d 1230, 1236 n.5 (11th Cir. 2004). Here, as in *Salgado-Nava*, no further proceedings are necessary to apply the correct law to the simple and straightforward facts. The record is complete and establishes that the estate was administered for the primary benefit of the general unsecured creditors – who will receive over 73% of the funds collected, resulting in dividends of approximately 27% – and not for the primary benefit of the Trustee. The record is also clear that the Trustee committed no errors, much less "serious errors," that might warrant a reduction in the statutory commission requested. There can be no doubt that, on the facts here, the Bankruptcy Court should have awarded the full $291.76 requested by the Trustee based on the compensation rates set forth in section 326(a) of the Bankruptcy Code.

## *Conclusion*

By failing to treat the fee requested by the Trustee as a commission, the Bankruptcy Court committed legal error, and its finding that the case had been administered for the primary benefit of the Trustee was plainly contrary to the facts of record and clearly erroneous. The Court's decision to reduce the fee therefore constituted an abuse of discretion, as it was predicated upon application of the wrong legal standard and clearly erroneous fact finding, requiring reversal. Inasmuch as the record is clear-cut as to the final outcome required in this case and is sufficiently developed for decision on the issue, this Court should reverse and remand with instructions to the Bankruptcy Court to vacate its order reducing the Trustee's requested fee and to enter an order awarding the full

statutory commission.

Respectfully submitted,


**DAVID P. LEIBOWITZ, Chapter 7 trustee for the Estate of Earl Anthony Wallace**

By: ___/s/ *Justin R. Storer*_____
       One of His Attorneys


Lakelaw
Linda Green
Justin Storer
53 W. Jackson Blvd.
Suite 1115
Chicago, IL 60604
312 360 1501
lgreen@lakelaw.com
jstorer@lakelaw.com

18

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that he mailed, postage prepaid, from 53 W. Jackson Boulevard, Chicago, IL 60604, on or before the hour of 5:00 p.m. on October 17, 2017, true and correct copies of this document, which was filed on that day through the District Court's CM/ECF electronic filing system, to:

David Marc Dabertin
Dabertin Law Offices
5246 Hohman Avenue
Hammond, IN 46320

Merrick Bank
Resurgent Capital Services
PO Box 10638
Greenville, SC 29603

Capital One Bank (USA), N.A.
American InfoSource LP, as agent
PO Box 71083
Charlotte, NC 28272


/s/ Justin R. Storer