UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: EARL ANTHONY WALLACE,

      Debtor,

APPEAL OF DAVID P. LEIBOWITZ,
Chapter 7 Trustee,

      Appellant.

No. 17 CV 6112

Judge Manish S. Shah

## ORDER

The order of the bankruptcy court is reversed and the matter is remanded with instructions to award the trustee his requested fee using the 25% commission rate. Enter judgment and terminate case.

## STATEMENT

David Leibowitz, the Chapter 7 trustee for the bankruptcy case of Earl Anthony Wallace, submitted a request for a fee to the bankruptcy court. He asked that his fee be set at 25% of the amount of money disbursed or turned over in the case. Here, that would be $291.76. The bankruptcy court rejected his request and gave him $200. In making that decision, the judge said, "It is not a commission." [4-1] at 28.[1] The judge explained that it was unreasonable for the trustee to administer the case "for the benefit of the trustee and not others." *Id.* at 29. The judge awarded $200, "to get [the trustee's] attention" about the court's view of administration of small-asset Chapter 7 cases. *Id.* Leibowitz appeals, and says that absent extraordinary circumstances or serious errors on his part, he is entitled to a 25% commission.

"In a case under chapter 7 or 11, the court may allow *reasonable* compensation under [11 U.S.C. § 330] of the trustee for the trustee's services, payable after the trustee renders such services, *not to exceed* 25 percent on the first $5,000 or less [. . .], upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a) (emphases added). As applicable to chapter 7 cases, § 330 says that the court

---

[1] Bracketed numbers refer to entries on the district court docket and page numbers are taken from the CM/ECF header placed at the top of filings.

may award reasonable compensation to trustees, and may award compensation that is less than the amount of compensation that is requested. 11 U.S.C. § 330(a)(1)–(2). But in "determining the amount of reasonable compensation to be awarded to a trustee, the court *shall* treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7) (emphasis added).[2]

Compensation awards are discretionary, but "a court abuses its discretion when its decision is premised on an incorrect legal principle." *In re KMart Corp.*, 381 F.3d 709, 713 (7th Cir. 2004). The bankruptcy court erred as a matter of law when it said the trustee's compensation was "not a commission." According to the statute, the compensation shall be a commission, and the court's failure to accept that legal principle was an abuse of discretion.

Some courts have interpreted the statutes to require a presumption that the maximum commission rate set by § 326 is reasonable, unless there are extraordinary circumstances. *In re Salgado-Nava*, 473 B.R. 911, 921 (9th Cir. BAP 2012); *In re Rowe*, 750 F.3d 392, 397 (4th Cir. 2014). The statutory language does not require such treatment—a commission can be "based on" § 326 even if not set at the maximum percentage. Section 326 only requires reasonable compensation not to exceed a certain percentage. The Seventh Circuit has said that if the application of § 326 would overcompensate a trustee, because of serious trustee errors, the award can be reduced. *In re Wilson*, 796 F.3d 818, 820 (7th Cir. 2015). Although *In re Wilson* cited *In re Rowe*, I do not read *Wilson* to require the statutory rates to be the default. *Wilson* says the statutes "set clear limits" on compensation, not that they set defaults. *Wilson*, 796 F.3d at 821. A "'commission' is a payment for a specific service", and the value of a trustee's service can be assessed when deciding on the commission. *See id.* (the amount of time a trustee works on a case is relevant to valuing his services). So long as the commission is reasonable and does not exceed 25% in cases involving $5,000 or less, it will comply with § 326.

The bankruptcy court reduced the trustee's commission because it believed administration of small-asset cases only benefited the trustee. Perhaps the court was saying that the trustee's services in this case could not reasonably be valued at 25% of the estate. But such an assessment does not jibe with the facts. The trustee provided a service and obtained assets for the estate (the return of $1,167.02 that the debtor had paid to a creditor outside of the bankruptcy process). Bringing that money into the fold was a significant benefit to creditors in this small-asset case. Moreover, the selection of $200, instead of the requested 25%, was not based on a commission approach—it was meant to send a message. While I do not agree that 25% is a

---

[2] Section 330(a)(3) provides for a multi-factor reasonableness test, but that subsection does not apply to chapter 7 cases. *In re Rowe*, 750 F.3d 392, 396 (4th Cir. 2015) ("§ 330(a)(3) is generally immaterial in determining the compensation for a Chapter 7 trustee").

statutorily mandated default rate, it is clear on this record that it is the only rate that the bankruptcy court would have awarded, but for its legal error. The trustee provided a service; the 25% rate is "not overgenerous," *Wilson*, 796 F.3d at 821; and there is no indication in the record that the court would have exercised its discretion to set a different percentage based on an evaluation of services rendered.[3]

For these reasons, the order of the bankruptcy court is reversed and the case is remanded with instructions to award the trustee his requested fee using the 25% commission rate.

ENTER:

Date: January 19, 2018

Manish S. Shah
U.S. District Judge

---

[3] *See* [4-1] at 29 ("I have never not given a trustee the set amount").